## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

WILLIAM DAVID HANUS,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 09-3056-MWB
(No. CR 07-3040-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

_____

## TABLE OF CONTENTS

*I.  INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A.  The Criminal Proceedings* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B.  The § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II.  LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *A.  Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . 4
    *B.  Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        *1.    Need for an evidentiary hearing* . . . . . . . . . . . . . . . . . . . 7
        *2.    Procedural default* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    *C.  Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . 9
        *1.    Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        *2.    Inoperable firearm* . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        *3.    Constitutional right to bear arms* . . . . . . . . . . . . . . . . . 13
        *4.    Failure to appeal and object to PSIR* . . . . . . . . . . . . . . 13
    *D.  Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . 15

*III.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

This case is before the court on petitioner William David Hanus's September 3, 2009, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody ("§ 2255 Motion") (Civ. docket no. 2). In his § 2255 Motion, Hanus asserts: 1) that he was erroneously indicted for the charge of possessing a firearm in furtherance of a drug trafficking crime, because the firearm he possessed was inoperable; 2) that his conviction violated his Second Amendment right to bear arms; 3) that his counsel was ineffective for failing to object to the Pre-Sentence Investigation Report ("PSIR") and for telling Hanus that he could not file an appeal; and 4) that there was insufficient evidence to convict him of the crimes for which he was sentenced. The respondent contends that Hanus's allegations concerning his indictment or charge are procedurally defaulted, that his firearm did not need to be operable under 18 U.S.C. § 924(c), that he fails to establish his counsel was ineffective, and that his claim for insufficiency of the evidence is procedurally defaulted and is otherwise without merit—the respondent claims that Hanus is not entitled to relief on any of the grounds that he raises.

## I. INTRODUCTION

### A. The Criminal Proceedings

On October 26, 2007, an indictment was returned against defendant Hanus (Crim. docket no. 1). Hanus was charged with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, which contained at least 5 grams of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (Count 1); aiding and abetting the distribution of and distributing approximately .38 grams of methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2); and using a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

§ 924(c) (Count 4). On April 3, 2008, Hanus appeared before Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Counts 1 and 4 of the indictment. *See* Crim. docket no. 39. This court accepted Hanus's guilty plea on May 2, 2008. *See* Crim. docket no. 47. On August 29, 2008, Hanus was sentenced to 66 months imprisonment: 6 months on Count 1 and 60 months on Count 4, to run consecutively. *See* Crim docket nos. 76 and 77. Count 2 was dismissed. *See id*. Hanus did not file any direct appeals in this case.

## B. The § 2255 Motion

On September 3, 2009, Hanus filed his § 2255 Motion with this court. On September 25, 2009, the court appointed counsel to represent Hanus in this case, and counsel filed Petitioner's Memorandum in Support of Motion to Vacate, Set Aside or Correct Sentence (Civ. docket no. 9) on November 9, 2009. In his brief, Hanus's counsel stated that she was unable to find support for Hanus's alleged "inoperable defense." Counsel also explained that she failed to find supporting authority for his claim that his Second Amendment right to bear arms was violated by his conviction and sentence under § 924(c). Similarly, counsel claimed that there was no evidence that Hanus's counsel for his guilty plea and sentencing was ineffective, as there is a letter in evidence contradicting his claim that counsel informed him that he could not appeal, and found no other support for Hanus's claim that his prior counsel was ineffective. Lastly, counsel acknowledged that the sufficiency of the evidence claim is procedurally defaulted and not properly before the court. Counsel does not request a hearing.

On December 4, 2009, the respondent filed its Court Ordered Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (docket no. 11). First, the respondent argues that Hanus's claim that he was

improperly indicted or charged is procedurally defaulted—the respondent also provides arguments concerning the merits of this claim. Second, the respondent alleges that Hanus's claim that the firearm was inoperable was procedurally defaulted and, even if the court decides to examine the merits of the claim, there is no requirement that the firearm be operable. *See* docket no. 11 (claiming the prosecution only needed to establish that the firearm was "designed to expel a projectile by the action of an explosive," which is the statutory definition of firearm) (citing *United States v. Williams*, 577 F.3d 878, 882 (8th Cir. 2009)). Third, the respondent claims that Hanus's prior counsel was not ineffective and cites the letter prior counsel sent to Hanus stating that he had a right to appeal. The respondent also notes that Hanus does not even allege that he requested an appeal or that he would have appealed had he been advised of his right to appeal. Lastly, the respondent claims that Hanus's sufficiency of the evidence claim is procedurally defaulted and, even if it were not, would fail on the merits. The respondent claims that no hearing is necessary for the court to decide this motion.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Hanus's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to

> collateral attack, may move the court which imposed the
> sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under

28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the

ground that his sentence was imposed in the absence of jurisdiction or in violation of the

Constitution or laws of the United States, was in excess of the maximum authorized by

law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d

777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate

a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant

to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal

habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting

*Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67

F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

A claim that has been unsuccessfully raised on direct appeal may not be relitigated

on a motion to vacate. *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992). On the

other hand,

> Section 2255 relief is not available to correct errors
> which could have been raised at trial or on direct appeal,
> absent a showing of cause and prejudice, *United States v.
> Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71
> L. Ed. 2d 816 (1982), or a showing that the alleged errors
> were fundamental defects resulting in a complete miscarriage
> of justice. *See United States v. Smith*, 843 F.2d 1148, 1149
> (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson

v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review

of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual

prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim *de novo*.") (citing *United States v. White*, 341 F.3d

673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review *de novo* the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

      With these standards in mind, the court turns to analysis of Hanus's claims for § 2255 relief.

## B. Preliminary Matters

### 1. Need for an evidentiary hearing

      Hanus did not request a hearing in this case, and the respondent alleges that a hearing is not necessary. "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. §2255. On the other hand, an evidentiary hearing is necessary where "'the court is presented with some reason to question the evidence's credibility.'" *Kingsberry v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000) (quoting 1 Liebman and Hertz, Federal Habeas Corpus Practice and Procedure § 19.5, at 723 (3rd ed. 1998); *id.* at 1033 n.6 (also quoting 28 U.S.C. § 2254, Rule 7 advisory committee's note (1994), made applicable to § 2255 by reference, as stating, "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful."); *see also Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir.

2001) (holding that the district court abused its discretion in not holding an evidentiary hearing on a § 2255 claim of failure to call alibi witnesses, because the record before the district court "contained sharply conflicting evidence").

In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Hanus's allegations either cannot be accepted as true, because they are contradicted by the record, or that, even if his allegations were accepted as true, they would not entitle him to relief, *Buster*, 447 F.3d at 1132, even if the court were to conclude that counsel's affidavit, standing alone, only raises credibility questions. *Kingsberry*, 202 F.3d at 1033.

### 2. *Procedural default*

The respondent asserts that at least some of Hanus's claims are procedurally defaulted, because they were not raised on direct appeal. Hanus's counsel admits that Hanus's sufficiency of the evidence claim is not appropriately before this court in his § 2255 motion. *See* docket no. 9, p. 8. The court concludes, however, that Hanus's other claims are not procedurally defaulted, because they may all be cast as ineffective assistance of counsel claims. The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Therefore, the court will not consider Hanus's sufficiency of the evidence claim, as he has admitted—through counsel—that it is not properly before the court. However, the court will consider Hanus's remaining claims on the merits.

8

## C. Ineffective Assistance Of Counsel

### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). As noted above, in the discussion of procedural default, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See Hughes*, 330 F.3d at 1069 ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877

(8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Inoperable firearm*

In Hanus's motion, he claims that the firearm he possessed, allegedly in violation of 18 U.S.C. § 924(c), was inoperable. *See* docket no. 1. However, in his brief, Hanus admits that a firearm possessed in violation of § 924 (c) does not need to be operational. *See* docket no. 9. The respondent also argues that a weapon need not be operational to support a conviction for a firearm offense, so long as it is properly considered a firearm, or is "designed to expel a projectile by the action of an explosive." Docket no. 11 (citing *Williams*, 577 F.3d at 882).

In *Williams*, the Eighth Circuit Court of Appeals explained:

> We have repeatedly rejected the contention that a firearm needs to be operable in order to support a conviction under 18 U.S.C. § 922. *See, e.g.*, *United States v. York*, 830 F.2d 885, 891 (8th Cir.1987) ( "Section 921(a)(3) [defining 'firearm'] does not require a firearm to be operable."); *United States v. Maddix*, 96 F.3d 311, 316 (8th Cir.1996) (fact that firearm "could not be loaded without using certain tools" not a bar to conviction for being a felon in possession of a firearm).

> Williams does not dispute that the firearm was "designed
> to . . . expel a projectile by the action of an explosive," which
> meets the statutory definition of firearm. Thus, whether the
> firearm was operational is not material. 18 U.S.C. § 921(a)(3);
> *see York*, 830 F.2d at 891.

*Williams*, 577 F.3d at 882. Other circuits have specifically recognized that "a gun does not even have to be operational, let alone loaded, to qualify as a firearm for section 924 purposes." *United States v. Grace*, 367 F.3d 29, 36 (1st Cir. 2004) (citing *United States v. Kirvan*, 997 F.2d 963, 966 (1st Cir.1993) ("It is common ground that the gun need not be proved to be loaded or operable in order to convict...."); *United States v. Taylor*, 54 F.3d 967, 975 (1st Cir.1995) (relying on *Kirvan* to state that a firearm does not need to be loaded or operational and concluding that "the prosecution satisfies its burden simply by showing that the gun is a gun"); *see also United States v. Hunter*, 101 F.3d 82, 85 (9th Cir.1996) ("Congress intended the ten-year penalty to apply to unloaded and inoperable semiautomatic weapons as well."); *United States v. Coburn*, 876 F.2d 372, 375 (5th Cir.1989) ("The fact that a firearm is 'unloaded' or 'inoperable' does not insulate the defendant from the reach of section 924(c).")).

Hanus does not allege that the firearm he possessed was not "designed to . . . expel a projectile by the action of an explosive. . . ." *Williams*, 577 F.3d at 882. Rather, he only claims that it was inoperable. Because Hanus's firearm did not need to be operable to support his conviction under § 924(c), *see id.*; *Grace*, 367 F.3d at 36, his prior counsel's alleged failure to recognize the same did not constitute deficient performance and could not have prejudiced Hanus. *See Ledezma-Rodriguez*, 423 F.3d at 836 ("post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense") (citations omitted).

Therefore, the court will not grant Hanus's § 2255 Motion on the ground that his firearm was inoperable.

### 3. *Constitutional right to bear arms*

Hanus claims that his Second Amendment right to bear arms was violated when he was sentenced under § 924(c). Hanus's counsel was not able to find any support for this claim, and the respondent opposed the argument without citation. The Eighth Circuit Court of Appeals has held that § 924(c) does not violate the Second Amendment. *See United States v. Davis*, 2009 WL 3233476, *1 (8th Cir. 2009) (unpublished) ("we find no merit to . . . the Second Amendment argument, *see United States v. Jackson*, 555 F.3d 636 (7th Cir. 2009) (defendant convicted under § 924(c) did not have Second Amendment right to possess guns for his own protection while committing felony)," *cert denied*, 130 S.Ct. 147 (2009)). The Eighth Circuit Court of Appeals has found that a conviction under § 924(c) does not violate the Second Amendment and, therefore, the court finds that Hanus's prior counsel's failure to raise the Second Amendment issue did not amount to ineffective assistance of counsel. *See Ledezma-Rodriguez*, 423 F.3rd at 836. The court will not grant Hanus's § 2255 Motion on this ground.

### 4. *Failure to appeal and object to PSIR*

Hanus claims that his counsel was ineffective for telling him that he could not appeal and for failing to object to the PSIR. In Hanus's brief, counsel states that prior counsel sent Hanus a letter on September 3, 2008—the day the judgment was filed—informing Hanus of his right to appeal. Counsel also alleges that the letter discussed a conversation between Hanus and his prior counsel concerning Hanus's right to appeal and that the letter reflected that Hanus did not wish to appeal. In addition, counsel states that she was unable to find any other meritorious grounds under which prior counsel could have appealed the sentence. The respondent also references the September 3, 2008, letter and claims that

13

Hanus has failed to even allege that he asked his prior counsel to appeal his sentence. The respondent also notes that Hanus has failed to identify any objections that he would have made to the PSIR.

Hanus's counsel concedes that Hanus's prior counsel did not affirmatively tell Hanus not to appeal, and Hanus does not claim that he told his prior counsel to appeal. However, the Eighth Circuit Court of Appeals has explained that defense counsel has an independent obligation to consult with their client concerning an appeal:

> "[C]ounsel has a constitutionally imposed duty to consult . . . when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." [*Roe v. Flores-Ortega*,] 528 U.S. 480, 120 S.Ct. 1029, [145 L.Ed.2d 985 (2000)]. "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484, 120 S.Ct. 1029.

*Parsons v. United States*, 505 F.3d 797, 798 (8th Cir. 2007). Hanus concedes, in his brief, that there is a letter evidencing the consultation he received about an appeal. Because of this concession, along with Hanus's failure to state how his counsel's consultation was deficient, the court finds that Hanus has failed to show that his prior counsel acted deficiently in consulting with him concerning his right to appeal. *Id.*

Hanus also fails to argue under what grounds his prior counsel should have objected to the PSIR. In his brief, Hanus also recognizes that there was very little chance that his sentence would have been lower based on anything in the PSIR that might have been objectionable. *See* docket no. 9, p. 7.

For the above reasons, the court will not grant Hanus's § 2255 Motion on the ground that his prior counsel was ineffective for failing to file a direct appeal in his case or object to the PSIR.

### D.  *Certificate Of Appealability*

Denial of Hanus's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein.  The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> * * *
>
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b).  To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569.  Moreover, the United States Supreme Court reiterated in *Miller-El* that

"'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Hanus has not made a substantial showing of the denial of a constitutional right on his § 2255 claims.  *See* 28 U.S.C. § 2253(c)(2).  Specifically, there is no showing that reasonable jurists would find this court's assessment of Hanus's claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently.  *Cox*, 133 F.3d at 569.  Therefore, Hanus does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case.  *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### III.  CONCLUSION

Upon the foregoing, petitioner William David Hanus's September 3, 2009, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 2) is **denied in its entirety**. This matter is **dismissed in its entirety**.  No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 16th day of February, 2010.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA